IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-2336-PSF-PAC

STEVEN C. SIGNER,
BATHGATE CAPITAL PARTNERS, LLC,
DONALD BROWN,
GLENDA BROWN,
PETER BACHMAN, and
FINANCIAL SERVICES INVESTORS, INC.

    Petitioners,

v.

REFCO SECURITIES, LLC,
NICHOLAS M. MASCIO, and
PETER J. MCCARTHY,

    Respondents.

## ORDER

This matter is before the Court on Respondents' Brief in Support of Sanctions Under 28 U.S.C. § 1927 (Dkt. # 44) and Petitioners' Memorandum Regarding Reasonableness of Attorney Fees (Dkt. # 55). The Court enters the following Order regarding attorney fees in this case.

At a status conference on February 9, 2006, this Court denied Petitioners' Motion to Vacate Arbitration Award, granted Respondents' Cross-Motion to Confirm Arbitration Award, and dismissed the case. The Court further set out a deadline for filing a bill for fees and costs under a relevant indemnification provision, and for filing a brief as to sanctions pursuant to 28 U.S.C. § 1927. Petitioners acknowledge their

contractual liability for fees and costs under the indemnification clause. *See* Pets.' Memo. Atty. Fees at 3-4 (Dkt. # 55).

Respondents seek an award of costs and fees in the amount of $99,595.87, which they contend represents 60% of the amount actually spent on this case. *See* Resps.' Reply at 2 (Dkt. # 56). Petitioners contend that the legal bills provided by respondents include billings of $600 per hour and $525 per hour. *See* Pets.' Memo. Atty. Fees at 2. Further, petitioners describe significant time billed to certain work, such as 67.5 hours to prepare for a deposition of nonparty Steve Silbert, which never occurred, and 32.9 hours preparing a response to petitioners' motion to depose former Refco Securities, LLC President Santos Maggio. *Id.* at 3.

The Court finds that respondents' fee request represents an unreasonable amount, both in terms of hours and billing rates. Although certain of the proceedings were unreasonably multiplied as discussed below, the entire litigation required only two court appearances and lasted less than three months from the time of filing to the date of judgment, and the arbitration award at issue totaled only $150,000, plus interest.

Petitioners suggest a fees award of $13,200. *Id.* at 6. The Court does not accept this amount as reasonable, either. Not only are fees contractually required here, where respondents, who prevailed at the underlying arbitration were forced to litigate over that arbitration in federal court, but respondents quickly and diligently responded to petitioners' filings and came to court appearances prepared and ready to defend their arbitration award. The suggested sum of $13,200, which petitioners acknowledge represents only the fees incurred in responding to a later motion to take a

deposition, *see id.* at 6, does not account for the contractual obligation to pay fees related to, for example, responding to an earlier motion to take a deposition, a cross-motion to confirm the arbitration award, and a response to petitioners' motion to vacate the arbitration award.  Respondents are entitled to their reasonable fees and costs in connection with such efforts.

The Court finds that a total award of $65,000 for attorney fees and costs in this matter is reasonable and appropriate.  Amounts billed over $65,000 are excessive in terms of both hours required for such limited litigation that never got to a discovery stage and excessive billing rates for the type of work required based on prevailing local billing rates.  *See McInnis v. Fairfield Cmtys., Inc.*, -- F.3d --, 2006 WL 2338056 at *12 (10th Cir., Aug. 14, 2006) (noting that district court's reduction of requested attorney fees award appeared proper where "district court found both the number of hours expended on this litigation and the hourly rate charged by [plaintiff's] attorney to be unreasonable . . . deference is given to district court's judgment on the matter");  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 2003 (10th Cir. 1986) (a district court's "general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use").  Here, careful consideration by the Court of the billings of counsel, their filings and presentations in open court given the serious issues raised by petitioners justify such an award.  Petitioners are thus jointly and severally liable to respondents in the amount of $65,000.

Petitioners' Memorandum (Dkt. # 55) indicates that counsel for petitioners has reached an agreement with respondents regarding § 1927 sanctions in the amount of $15,000.  The Court approves this settlement amount.  The Court finds that the case was questionable to begin with, lacking factual support.  It was egregious to keep the case going following the failure to petitioners to obtain testimony from the first requested deponent, Steve Silbert, who petitioners claimed had knowledge of the alleged perjury justifying vacating the arbitration award.  Petitioners, through counsel, then represented to the Court that Mr. Silbert did not have personal knowledge as previously believed, but that they should be permitted to take the deposition of Santos Maggio, who apparently did not have direct knowledge of any alleged perjury but rather only personal knowledge regarding petitioners' accounts with respondents.  Such information alone or in conjunction with other evidence did not appear to provide a basis for vacating the arbitration award.  In the absence of any other evidence, the case should have been terminated after the apparent discovery that Mr. Silbert did not have personal knowledge of any alleged perjury.

The Court finds that the $15,000 stipulation is appropriate.  *See e.g. Dominion Video Satellite, Inc. v. Echostar Satellite, LLC*, 430 F.3d 1269, 1279 (10th Cir. 2005) (given narrow standard of review in moving to vacate arbitration award, attorneys acted unreasonably and vexatiously in pursuing litigation and § 1927 sanctions upheld).  This amount is part of the total fees and costs award for respondents, so that counsel for petitioners is jointly and severally liable for up to $15,000, whereas petitioners are

jointly and severally liable for the entire $65,000 award of fees and costs.  *See also* Resps. Reply at 4 (seeking a total recovery, including the § 1927 sanctions).

The Court ORDERS that attorney fees and costs in the amount of $65,000 shall be assessed jointly and severally against Petitioners Donald and Glenda Brown, Peter Bachmann and Financial Service Investors, Inc., in favor of Respondent Refco Securities, LLC, pursuant to the parties' contractual provision providing for costs and fees.  The Court further ORDERS that sanctions against counsel for petitioners, Russell K. Bean,  pursuant to 28 U.S.C. § 1927 in the amount of $15,000 shall be assessed in favor of respondents as part of the total fee and cost award of $65,000.

DATED: September 1, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge